**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JOSE MANUEL POLANCO, | § | |
| a.k.a. Carlos Vasquez, | § | |
|      Petitioner, | § | |
| | § | |
| v. | § | C.A. No. C-09-226 |
| | § | |
| MR. JUSTICE, et al., | § | |
|      Respondents. | § | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|      Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-08-274 |
| | § | CR. No. C-08-22 |
| JOSE MANUEL POLANCO, | § | |
| a.k.a. Carlos Vasquez, | § | |
|      Defendant/Movant. | § | |

### ORDER GIVING NOTICE TO MOVANT OF RECHARACTERIZATION

On May 15, 2008, this Court sentenced Jose Manuel Polanco, a.k.a. Carlos Vasquez, ("Polanco") in Cr. No. C-08-22 to 65 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term, to be served consecutive to his sentence in Cr. No. C-08-274. (Cr. No. C-08-22, D.E. 25, 26.). On the same date, the Court revoked his supervised release term in Cr. No. C-08-274 and sentenced him to 36 months in the custody of the Bureau of Prisons, to be served consecutive to his sentence in Cr. C-08-22 and any state sentences. (Cr. No. C-08-274, D.E. 6, 7.)[1]

Polanco timely appealed from both judgments. (Cr. No. C-08-22, D.E. 23; Cr. No. C-08-274, D.E. 9.) The Fifth Circuit affirmed both sentences in per curiam opinions, the first of which was

---

[1] The supervised release term that was revoked was originally imposed in Case Number 2:05-cr-726, in the United States District Court for the District of New Jersey. When the petition for revocation in that case was transferred to this Court, it was assigned a new case number. (Cr. No. C-08-274, D.E. 1, 5.)

issued February 18, 2009 (Cr. No. C-08-22, D.E. 41) and the second of which was issued April 30, 2009. (Cr. No. C-08-274, D.E. 25.)

On August 31, 2009, the Clerk received a filing from Polanco titled as a petition for habeas corpus, and on a form that references 28 U.S.C. § 2241 on the cover page. It was docketed as Civil Action No. C-09-226 and randomly assigned to United States District Judge Head. Judge Head transferred the case to the undersigned on November 12, 2009. (C.A. No. C-09-226, D.E. 7.)

In his petition, Polanco lists several grounds for relief, but all of them challenge his conviction or sentence imposed by this Court. First, he argues that he is being held illegally because the Court found facts in this case, instead of requiring the jury to find certain facts. He claims that this action by the Court violated his Fifth and Sixth Amendment rights. Although he does not refer by name to United States v. Booker, 543 U.S. 220 (2005), he does refer to the Supreme Court and references the date Booker was decided, January 12, 2005. Thus, it appears he is raising a Booker challenge to his sentence.

Second, he claims that his access to legal reference materials in prison is impaired and that this inequality "works a disparity which makes one party superior to the other a basic unfairness, denial to equal access to the law." (C.A. No. C-09-226, D.E. 1 at 5.) In the "supporting facts" section of this ground for relief, Polanco makes repeated references to the fact that this Court lacked jurisdiction and that there were due process violations that resulted in any judgment by this Court being void. (C.A. No. C-09-226, D.E. 1 at 5-6.)

Polanco also contends that, at the time of his plea agreement, the United States Sentencing Guidelines were erroneously assumed to be valid and that, after they were declared invalid on January 12, 2005, he could not be sentenced based upon this "invalid law." He argues that it is therefore "absurd in the extreme" to claim that he could be subjected to the application of this

2

"illegal statute." (C.A. No. C-09-226, D.E. 1 at 7.) Based on all these reasons, he claims that the sentence imposed upon him is a "void judgment" and he asks for immediate release. (C.A. No. C-09-226, D.E. 1 at 8; D.E. 2 at 7.)

Although Polanco's motion refers to 28 U.S.C. § 2241, he raises claims that are properly brought not in a petition under § 2241, but in a motion under 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence.... Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.") (citations omitted).

Moreover, if the Court were to treat his motion as a § 2241 petition, the petition would be subject to dismissal for lack of jurisdiction. That is, a § 2241 petition must be filed in the district in which the petitioner is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). According to Polanco's motion, he is currently incarcerated in FCI Big Spring, which is located in Howard County, Texas, within the Northern District of Texas, Abilene Division. 28 U.S.C. § 24(a)(3). Thus, any § 2241 petition by Polanco should have been filed in that court. If treated as a § 2241 petition, this Court would not have jurisdiction to address it or transfer it, but would be required to dismiss it without prejudice. See Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001).

In any event, the claims raised in his petition are § 2255 claims, not § 2241 claims. Because Polanco has not clearly indicated an intent to file a § 2255 motion, however, the Court will not construe his motion as a § 2255 motion until it gives the warnings required by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion,

3

in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization. 540 U.S. at 383.

Pursuant to Castro, therefore, Polanco is hereby advised that the Court intends to characterize the claims raised in his motion as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. It will be construed as challenging the sentence imposed in both criminal cases listed above, Cr. No. C-08-22 and Cr. No. C-08-274.

Polanco is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Polanco will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2] See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Polanco wishes to supplement his motion with additional

---

[2] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days after the entry of this Order. If he fails to do so, this Court will construe his motion as a § 2255 motion filed in both of his criminal cases, and will either order the government to respond or will rule on it.

## CONCLUSION

For the reasons set forth above, Polanco has 45 days to supplement his motion with additional grounds and detail, or to file a notice with the Clerk voluntarily withdrawing his motion. If he fails to either supplement his petition or withdraw it within 45 days, it will be construed as a motion under 28 U.S.C. § 2255 in both of the criminal cases listed above and corresponding civil cases will be opened at that time. The Clerk is further directed to send Polanco a set of blank 28 U.S.C. § 2255 forms.

Finally, the Clerk is directed to file both this Order and Polanco's petition (C.A. C-09-226, D.E. 1) in both of Polanco's criminal cases, referenced above. The petition shall be filed temporarily merely as a "Document." After the forty-five day period set forth herein expires or Polanco files a response, that description can be modified as necessary.

Finally, to the extent it is intended to be a § 2241 petition, Polanco's filing is DISMISSED WITHOUT PREJUDICE and the Clerk is directed to administratively close the § 2241 case, C.A. C-09-226.

It is ORDERED this 13th day of November, 2009.

_____
Janis Graham Jack
United States District Judge